**FILED
CLERK**

2:37 pm, Dec 21, 2021

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
MELLIAN LAFLEUR,

                    Plaintiff,

    -against-

CIRCULO DE LA HISPANIDAD, CESAR NUESI,

                    Defendants.
-------------------------------------------------------------------X

**ORDER**
21-CV-5833(GRB)(AYS)

**GARY R. BROWN, United States District Judge:**

      Before the Court are the applications filed by *pro se* plaintiff Mellian LaFleur ("Plaintiff") to proceed *in forma pauperis* ("IFP") and for the appointment of *pro bono* counsel to represent her in this case. Docket Entry ("DE") 2-3. Upon review and for the reasons that follow, Plaintiff's financial status, as set forth in the application to proceed IFP, does not qualify her to commence this action without payment of the filing fee. *See* 28 U.S.C. § 1915(a)(1). Accordingly, Plaintiff's application to proceed IFP is denied. Plaintiff is directed to pay the $402.00 filing fee within fourteen (14) days in order for this case to proceed. The Court holds Plaintiff's application for the appointment of *pro bono* counsel in abeyance pending payment of the filing fee.

      To qualify for *in forma pauperis* status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted). The purpose of the statute permitting litigants to proceed *in forma pauperis* is to ensure that indigent persons have equal access to the judicial system. *Davis v. NYC Dept. of Educ.*, No. 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010) (citing *Gregory v. NYC Health & Hosp. Corp.*, No. 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)). The determination of whether an applicant qualifies for *in forma pauperis* status is within

the discretion of the district court. *Pinede v. New York City Dep't of Envtl. Prot.*, No. 12-CV-06344, 2013 WL 1410380, at *2 (E.D.N.Y. Apr. 8, 2013) (collecting cases). The Court may dismiss a case brought by a plaintiff requesting to proceed *in forma pauperis* if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

Plaintiff reports that she is employed and earns $65,000 per year in gross pay and $4,200 per month in net pay. DE 2 at ¶ 2. Plaintiff reports that she has $2,000 in cash or in a checking or savings account, has regular monthly expenses that total approximately $3,000, and has no dependents. *Id.* ¶¶ 4, 6-7. In the space on the form that calls for any debts or financial obligations owed, Plaintiff reports only a student loan in the sum of $50,000 but has not included any monthly payment amount. *Id.* ¶ 8.

Given the Plaintiff's financial position, she has not demonstrated that she cannot afford the $402.00 filing fee. "'If it appears that an applicant's 'access to [ ] court has not been blocked by his financial condition; rather [that] he is 'merely in the position of having to weigh the financial constraints posed if he pursues [his position] against the merits of his case,'' then a court properly exercises its discretion to deny the application." *Brooks v. Aiden 0821 Capital LLC*, No. 19-CV-6823(GRB)(AYS), 2020 WL 4614323, at *5 (E.D.N.Y. July 22, 2020) (quoting *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002)). Accordingly, Plaintiff does not qualify for *in forma pauperis* status. *See Wrenn v. Benson*, 490 U.S. 89, 90 n. 4 (1989) (*per curiam*) (denying leave to proceed *in forma pauperis* based on review of information contained in the supporting affidavit of indigency). Accordingly, Plaintiff's motion to proceed *in forma pauperis* is denied and she is directed to pay the $402.00 filing fee within fourteen (14) days of the date of this Order or her complaint will be dismissed without prejudice. Once paid, there are no refunds

of the filing fee, regardless of the outcome of the case. Accordingly, Plaintiff is well-advised to avail herself of the free legal resources provided by the *Pro Se* Legal Assistance Program run by Hofstra Law School at the Courthouse. Plaintiff may schedule an appointment there by calling (631)297-2575 or by sending an e-mail to PSLAP@Hofstra.edu. The Court holds Plaintiff's application for the appointment of *pro bono* counsel in abeyance pending payment of the filing fee.

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that, should Plaintiff seek leave to appeal *in forma pauperis*, any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45. (1962).

The Clerk of the Court is directed to mail a copy of this Order to the *pro se* Plaintiff at her address of record.

**SO ORDERED**.

Dated: December 21, 2021
Central Islip, New York

/s/ Gary R. Brown
Hon. Gary R. Brown
United States District Judge